IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-30803
Summary Calendar
_____

TOBIAS D. GAVINO,

                                             Plaintiff-Appellant,

versus

EUROCHEM ITALIA,

                                             Defendant-Appellee.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 01-CV-1314-N)
_____
January 28, 2003

Before REAVLEY, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Tobias D. Gavino, a Filipino, was injured while working on a

vessel docked near Houston, Texas.  He subsequently brought suit against Eurochem Italia,

the vessel's owner, in Louisiana state court under the Jones Act.  Eurochem removed the

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

suit to federal district court, citing the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which confers federal question jurisdiction over disputes that "relate to" arbitration agreements arising under it. See 9 U.S.C. § 203. In denying Gavino's motion to remand, the district court concluded that the Federal Arbitration Act's exclusion of seaman employment contracts conflicts with and is therefore inapplicable to the convention. The court also decided that Gavino waived his right to have a jury decide whether there was an agreement to arbitrate. We have jurisdiction to review the district court's order staying the case pending arbitration. See Am. Heritage Life Ins. Co. v. Orr, 294 F.3d 702, 708 (5th Cir. 2002). We now affirm in all respects.

1.      We recently considered the arguments Gavino makes regarding the application of the convention to seaman employment contracts. In Francisco v. Stolt Achievement MT, 293 F.3d 270 (5th Cir. 2002), we decided that the seaman's exclusion does not apply to the convention, despite the fact that the FAA contains some language perhaps suggesting it does, id. at 274-75. We also concluded that scant legislative history suggesting that Congress intended to adopt the FAA in its entirety when it ratified the convention could not overcome the convention's plain language to the contrary. Id. at 275-76. Gavino's attempt to revisit these arguments is unavailing.

2.      The party alleged to be in default of a supposed arbitration agreement may have a jury decide whether an arbitration agreement exists. See 9 U.S.C. § 4. But to establish this entitlement requires "an unequivocal denial that [an] agreement to arbitrate had been made . . . and some evidence . . . to substantiate the denial." See Doctor's

2

Assocs. v. Jabush, 89 F.3d 109, 114 (2d Cir. 1996) (internal quotations omitted); see also

Dillard v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1154 (5th Cir.

1992) (holding that the allegedly defaulting party must make "some showing that under

prevailing law[] he would be relieved of his contractual obligation to arbitrate if his

allegations proved to be true").  Gavino's request was unaccompanied by legal authorities

or evidence that would support his putative right to trial by jury.  The district court

therefore did not err in deciding that Gavino waived his right to have a jury decide

whether there was an arbitration agreement.[1]

      AFFIRMED.

---

[1]     Because Gavino failed to show he was entitled to a jury trial, we need not consider whether the district court erred in conflating its jurisdiction decision with other issues.  For the same reason, we need not consider whether the district court properly determined that Gavino's motion was untimely.